## WOLFF v. FLATOW et al.

*(Supreme Court, General Term, First Department. November 7, 1889.)*

VENDOR AND VENDEE—ASSIGNMENT OF CONTRACT.

F. agreed to purchase land, and deposited $500, to be returned if the title failed. He afterwards assigned the contract, and all rights thereunder, to one who assigned all interest in the land and the $500 to plaintiff. F. assigned to defendants his interest in the $500, and, the first assignee of the contract having refused the title, defendants took it, and the vendor allowed them the credit of $500. *Held,* that plaintiff could not recover the $500 of defendants, as it has not been paid to them, but only allowed as a credit; and if the vendor has not paid the money, and plaintiff is entitled to it, he can recover it directly from him.

Appeal from special term, New York county.

Action by Isaac Wolff against Edward Flatow and another. Plaintiff appeals from a judgment sustaining a demurrer to the complaint.

Argued before VAN BRUNT, P. J., and DANIELS and BARRETT, JJ.

*Adolph Cohen,* for appellant. *David Leventritt,* for respondents.

VAN BRUNT, P. J. In brief, the allegations of the complaint seem to be that in July, 1888, one Charles Brown entered into a written agreement with one Harris Flatow for the sale of certain real estate in the city of New York; Flatow depositing with Brown the sum of $500, to be applied upon the purchase price if Flatow completed the purchase, and to be returned to Flatow if the title failed. That in August, 1888, Flatow sold and assigned said agreement, and all rights thereunder, to one Jette Nathan. That Brown was unable to give title as agreed. That Nathan was ready and willing to carry out the agreement. That in October, 1888, Flatow assigned his interest in said $500 to the defendants, and Brown was induced to allow to them said $500 on the purchase price of the premises; in other words, that Nathan having refused the title to the property in question, the defendants took said title, and Brown allowed to them the $500 which had been paid upon the purchase price. The complaint contains the further allegation that Nathan duly sold and assigned to the plaintiff all her rights to the premises and to the $500. The defendant demurred to this complaint, which demurrer was sustained, and from the judgment thereupon entered this appeal was taken.

If Brown had paid to the defendants the $500 in question, it might perhaps be claimed upon the part of the plaintiff that he had a right to recover that sum upon the ground that the $500 was money had and received to the use of the plaintiff or his assignor. But such is not the fact. The defendants have never received the $500. Brown has only chosen to credit them with $500 on account of a sum due from them to him (Brown.) With this, plaintiff has nothing to do. If Brown has not paid the $500, and the plaintiff is entitled to it, he can recover the same from Brown. Under these circumstances, no cause seems to have been set out in the complaint against the defendant, and the demurrer was rightly sustained. The judgment appealed from must be affirmed, with costs. All concur.